■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MICKEL, Appellant. [710 NYS2d 70] —Judgment, Supreme Court, Bronx County (Roger Hayes, J.), rendered October 23, 1998, convicting defendant, after a jury trial, of assault in the second degree, falsifying business records in the first degree, and offering a false instrument for filing in the first degree, and sentencing him to one day in jail and 100 hours of community service for the assault and a conditional discharge for falsifying business records and offering a false instrument for filing, unanimously reversed, on the law, and the matter remanded for a new trial.

In response to defendant's specific pre-trial request for all *Brady* material bearing on the credibility of their witnesses, the People turned over certain information concerning their central witness, a former correction officer who instigated the incident giving rise to the charges against defendant. The information provided by the People indicated that the witness had given false sworn testimony at a civil deposition, had made prior inconsistent statements concerning this case, had intentionally failed a psychological exam to gain early discharge from the Army and failed to disclose this on his application for employment with the Department of Correction, had assaulted other inmates at Rikers Island, and had filed false reports to conceal his conduct in other assault cases. The prosecutor also disclosed that in September 1994 the witness entered into a cooperation agreement pursuant to which, in exchange for not being charged with perjury and other crimes, he would testify to intentionally assaulting inmate Donald Harrison and encouraging other correction officers to join in the beating, and further disclosed that in December 1995 the witness was arrested and pleaded guilty to six felony charges.

Significantly, however, the prosecutor failed to disclose that the six felony charges to which the witness pleaded guilty were brought against him because in March 1995 he had violated the cooperation agreement by fleeing to Puerto Rico and that, upon being returned to New York, the witness had entered into a new cooperation agreement pursuant to which any sentences that were imposed for these additional crimes would run concurrently.

The non-disclosure of this *Brady* material warrants reversal. The jury acquitted the two codefendants in this close case, and, given the inconsistencies and the gaps in the testimony of the other witnesses at trial, it could not have convicted defendant without accepting some portion of the witness's testimony. Had the jury known that the witness fled to avoid adhering to his agreement with the prosecutor and that he was brought back and given another chance, it might have rejected his entire testimony in the new light that these facts cast on his credibility (*cf., People v Sibadan*, 240 AD2d 30, *lv denied* 92 NY2d 861). "[O]nce any understanding has been reached between the prosecutor and a witness, 'it is for the jury to determine how much value to assign it in terms of assessing the witness's credibility' " (*People v LaDolce*, 196 AD2d 49, 56, quoting *People v Novoa*, 70 NY2d 490, 497).

In our view, there is a reasonable possibility that this undisclosed *Brady* material would have resulted in a different verdict, and therefore defendant is entitled to a new trial (*People v Vilardi*, 76 NY2d 67). In view of this determination, we need not reach the other issues raised by defendant on this appeal. Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.